1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    MIGUEL ALEJANDRO                 )
     MARTINEZ,                        )
10                                    )
                     Petitioner,      )        3:12-cv-00485-LRH-WGC
11                                    )
     vs.                             )        **ORDER**
12                                    )
     JAMES GREG COX, *et al.*,        )
13                                    )
                     Respondents.     )
14   _____/

15        Petitioner Miguel Alejandro Martinez has submitted a petition for writ of habeas corpus, pursuant

16   to 28 U.S.C. § 2254.  He has now filed a completed application to proceed *in forma pauperis* (ECF #6),

17   which is granted.

18        The court ordered petitioner to file an amended caption page naming his immediate custodian

19   as a respondent (ECF #4).  Plaintiff filed what he styled a motion for amended caption page and

20   indicated that he included High Desert State Prison Warden Dwight Neven as a respondent (ECF #5).

21   The court deems this sufficient; the Clerk of Court is directed to add Dwight Neven as a respondent in

22   this action.

23        Next, it appears that this petition may be subject to dismissal without prejudice for failure to

24   exhaust state remedies.  A federal court will not grant a state prisoner's petition for habeas relief until

25   the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S.

26   509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each

27   of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526

28   U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains

1   unexhausted until the petitioner has given the highest available state court the opportunity to consider

2   the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d

3   896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

4          A habeas petitioner must "present the state courts with the same claim he urges upon the federal

5   court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,

6   not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*

7   *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve

8   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

9   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

10  federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

11  (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

12  potential litigants: before you bring any claims to federal court, be sure that you first have taken each

13  one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

14  509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal

15  protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

16  F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies

17  federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

18  (en banc).

19         A claim is not exhausted unless the petitioner has presented to the state court the same operative

20  facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

21  *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

22  petitioner presents to the federal court facts or evidence which place the claim in a significantly different

23  posture than it was in the state courts, or where different facts are presented at the federal level to support

24  the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688

25  F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

26         Here, petitioner appears to challenge the calculation of his sentence (*see* ECF #1-1).  However,

27  he indicates on the face of his petition that he has not filed a direct appeal, nor a state postconviction

28  petition for a writ of habeas corpus.  Accordingly, petitioner shall have **thirty (30) days** from the entry

2

of this order to show cause and file such proof he may have to demonstrate that he has exhausted available state remedies.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for amended caption page (ECF #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall add respondent Dwight Neven to the caption of this case.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH, FILE and ELECTRONICALLY SERVE** the petition (ECF #1-1) upon the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that he has exhausted his state remedies.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **twenty (20) days** to file a response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he has exhausted his state remedies, the court will enter an order dismissing the petition.

DATED this 29th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE