**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIGUEL ALEJANDRO MARTINEZ, | ) ) ) |
| Petitioner, | ) 3:12-cv-00485-LRH-WGC |
| vs. | ) **ORDER** ) |
| JAMES GREG COX, *et al.*, | ) ) |
| Respondents. | ) ) |

Petitioner Miguel Alejandro Martinez has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He has now filed a completed application to proceed *in forma pauperis* (ECF #6), which is granted.

The court ordered petitioner to file an amended caption page naming his immediate custodian as a respondent (ECF #4). Plaintiff filed what he styled a motion for amended caption page and indicated that he included High Desert State Prison Warden Dwight Neven as a respondent (ECF #5). The court deems this sufficient; the Clerk of Court is directed to add Dwight Neven as a respondent in this action.

Next, it appears that this petition may be subject to dismissal without prejudice for failure to exhaust state remedies. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains

unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); see *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

Here, petitioner appears to challenge the calculation of his sentence (*see* ECF #1-1). However, he indicates on the face of his petition that he has not filed a direct appeal, nor a state postconviction petition for a writ of habeas corpus. Accordingly, petitioner shall have **thirty (30) days** from the entry

of this order to show cause and file such proof he may have to demonstrate that he has exhausted available state remedies.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for amended caption page (ECF #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall add respondent Dwight Neven to the caption of this case.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH, FILE and ELECTRONICALLY SERVE** the petition (ECF #1-1) upon the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that he has exhausted his state remedies.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **twenty (20) days** to file a response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he has exhausted his state remedies, the court will enter an order dismissing the petition.

DATED this 29th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE